IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL GEOFFREY PETERS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-17-1459 |
| | § | |
| THE STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Michael Geoffrey Peters is an inmate in the Texas Department of Criminal Justice. In this suit under 42 U.S.C. § 1983, he alleges "a Judicial and Political Conspiracy to Cover-Up the Crimes and Liabilities of Texas Children's Hospital and Baylor College of Medicine . . . ." Complaint at 1. Mr. Peters has not paid the filing fee.

Under the Prison Litigation Reform Act of 1995, a prisoner may not file an action without prepayment of the filing fee barring a show of imminent danger if he has, on three or more prior occasions, had a prisoner action filed in federal district court or an appeal in a federal court of appeals dismissed as frivolous or malicious. 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). Mr. Peters had at least 8 such dismissals before filing his complaint in this case. He may not proceed without prepaying the full filing fee. *See Peters v. Texas Medical Board*, 4:15-cv-3021 (S.D. Tex. Oct. 30, 2015); *Peters v. Rollins*, 4:15-cv-3036 (S.D. Tex. Oct. 27, 2015); *Peters v. Valigura*, 4:15-cv-3023 (S.D. Tex. Oct. 26, 2015); *Peters v. Duckworth*, 4:15-cv-3024 (S.D. Tex. Oct. 22, 2015); *Peters v. Harrison*, 4:15-cv-3037 (S.D. Tex. Oct, 19, 2015); *Peters v. Dreyer*, 4:15-cv-2899 (S.D. Tex. Oct. 14, 2015); *Peters v. Dreyer*, 4:15-cv-2900 (S.D. Tex. Oct. 6, 2015); *Peters v. Gilbert*, 4:15-cv-2762 (S.D. Tex. Oct. 1, 2015).

Mr. Peters's complaint does not allege any facts showing that he is in any immediate danger. There is no basis to waive of the fee requirement. *See Choyce v. Dominguez*, 160 F.3d 1068, 1071 (5th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

In light of the pleadings and his litigation history, Mr. Peters fails to show that he is eligible to proceed without prepayment of fees. He also fails to assert a claim that has any legal basis. This action is dismissed under 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915(e). This dismissal counts as a strike under § 1915(g).

An order of dismissal is entered by separate order.

SIGNED this 17th day of May, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge